UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HIVES,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 15-cv-02490-DMR<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 9 |

Defendants County of Alameda ("Alameda" or "the County") and Alameda County Sheriff's Deputy Derek Thoms move pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e) to dismiss Plaintiff Patricia Hives's complaint and for a more definite statement. [Docket No. 9.] The court conducted a hearing on August 13, 2015. For the following reasons, as well as those stated at the hearing, Defendants' motion is granted in part and denied in part.

## I. Background

This case arises from the August 2014 shooting death of Jacori Calhoun[1] by Defendant Thoms. Plaintiff Patricia Hives, the decedent's mother, makes the following allegations in her complaint, all of which are taken as true for purposes of this motion.[2] In the early hours of August 3, 2014, Oakland Police Department ("OPD") officers saw the decedent driving his girlfriend's vehicle, which they believed was associated with a July 2014 home invasion and robbery. (Compl. ¶¶ 9-11.) OPD tried to stop the vehicle, but the decedent kept driving before he

---

[1] Since Jacori Calhoun shares the same last name with another party, Defendant Walter Calhoun (who is Jacori Calhoun's father), the court refers to Jacori Calhoun as "the decedent."

[2] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

eventually stopped the car, got out, and ran. (Compl. ¶ 12.) After losing sight of the decedent, OPD requested assistance from the Alameda County Sheriff's Department because fog prevented an OPD helicopter from flying overhead. The Alameda County Sheriff's Department sent Defendant Thoms and his police dog to assist in the search. (Compl. ¶¶ 14-16.)

The decedent was subsequently seen moving into a residential yard, and an OPD officer radioed to other officers to "Hold still. I think he's working his way—just hold the air. And a male black—he's actually fleeing." (Compl. ¶¶ 17, 18.) The decedent eventually encountered Thoms and the police dog. (Compl. ¶ 19.) After the dog bit the decedent's leg, Thoms rapidly fired eight shots at the decedent without warning, hitting him below the waistline, his upper torso, and in the back of his head. (Compl. ¶¶ 19, 20, 22.) Plaintiff alleges that neither OPD nor Thoms observed that the decedent was armed, the OPD never reported "any reason to believe that he was in possession of [a weapon]," and that Thoms did not have a reasonable suspicion that the decedent possessed a concealed weapon. (Compl. ¶¶ 13, 20.)

Plaintiff filed a complaint in this court on June 4, 2015, alleging that the decedent died unmarried and without any surviving children, and that she is the "co-successor-in-interest of Decedent's estate." (Compl. ¶ 24.) Plaintiff also names as a defendant Walter Calhoun, the decedent's father, and refers to him as a "co-successor in interest" on the caption. However, she does not allege any other facts about him and does not bring any claims against him.[3]

Plaintiff alleges the following claims against Defendants Alameda and Thoms on behalf of herself and/or the decedent: 1) 42 U.S.C. § 1983 claim for unreasonable seizure, based upon the Fourth Amendment, against Thoms; 2) § 1983 claim for unlawful seizure (detention), based upon the Fourth Amendment, against Thoms; 3) § 1983 claim for excessive force, based upon the Fourth Amendment, against Thoms; 4) § 1983 claim titled "wrongful death," based upon the Fourth and Fourteenth Amendments, against Thoms; 5) § 1983 claim by Plaintiff for violation of her right to a familial relationship, based upon the First, Fourth, and Fourteenth Amendments,

---

[3] Plaintiff's complaint also refers to Calhoun as "Plaintiff," (Compl. ¶ 4), but this appears to be a typo. In her opposition to the motion, Plaintiff states that Calhoun is not represented by the same legal counsel as Plaintiff. (Pl.'s Opp'n 2.) Calhoun is discussed in greater detail below.

against Thoms; 6) § 1983 survival action claim by Plaintiff for violation of the decedent's civil rights, against Thoms; 7) "wrongful death—negligence" against Thoms and the Alameda County Sheriff's Department[4]; 8) violation of California's Bane Act, California Civil Code section 52.1, against Thoms; 9) violation of California's Ralph Act, California Civil Code section 51.7, against Thoms; 10) intentional infliction of emotional distress against Thoms; 11) assault and battery against Thoms; and 12) § 1983 claim against Alameda[5] under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

Defendants Alameda and Thoms (hereinafter, "Defendants") move to dismiss the complaint. Defendants also move for a more definite statement as to Plaintiff's prayer for punitive damages against Thoms.

## II. Legal Standards

**A.    Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual

---

[4] The Alameda County Sheriff's Department is not named as a defendant separate from the County of Alameda. Neither party addressed this discrepancy in the motion papers. The court notes that for purposes of § 1983, "[t]he term 'persons' encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities. . . . the term 'persons' does not encompass municipal departments." *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). Because the Sheriff's Department is a subdivision of a local government entity, it is not a proper defendant for purposes of Plaintiff's § 1983 claims.

[5] The complaint states this claim is against "City of San Francisco." (Compl. at 10.) The court assumes this is a typo.

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *Id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1124.  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

**B.    Motion for More Definite Statement**

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The motion "must point out the defects complained of and the details desired."  *Id.*  "A Rule 12(e) motion for more definite statement is disfavored and is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." *Adobe Sys. Inc. v. Software Speedy*, No. C-14-2152 EMC, 2014 WL 7186682, at *5 (N.D. Cal. Dec. 16, 2014) (citation omitted).

4

## III. Discussion

**A.   Motion to Dismiss**

    **1.   Defendant Walter Calhoun**

As noted, Plaintiff names the decedent's father, Walter Calhoun, as a defendant in this action, but does not bring any claims against him and does not seek any relief in her prayer related to Calhoun. At the hearing, the parties agreed to proceed in this matter by severing Plaintiff's claims against Calhoun through his dismissal from the action. On August 17, 2015, Plaintiff filed a notice of dismissal as to Calhoun pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). [Docket No. 19.]

    **2.   Withdrawn and Unopposed Claims**

Defendants move to dismiss Plaintiff's negligence claim against Alameda, and Plaintiff withdraws the claim against Alameda only. Additionally, Plaintiff did not oppose Defendants' motion to dismiss her claims for violation of the Ralph Act (California Civil Code section 51.7), intentional infliction of emotional distress, and assault and battery, which were asserted against Thoms only, and therefore concedes those claims. Accordingly, Plaintiff's negligence claim against Alameda is dismissed with prejudice. Plaintiff's claims for violation of the Ralph Act, intentional infliction of emotional distress, and assault and battery are dismissed with prejudice.[6]

    **3.   Section 1983 Claims Against Defendant Thoms**

        **a.   First, Second, and Third Causes of Action**

Defendants move to dismiss the first, second, and third causes of action under 42 U.S.C. § 1983 based on violations of the decedent's Fourth Amendment rights to be free from unreasonable seizures, unlawful detention, and excessive force. Defendants argue that Fourth Amendment rights are personal to the decedent and may not be vicariously asserted. Although it is not clearly stated, it appears that Defendants argue that Plaintiff lacks standing to assert these claims in a survival action.

---

[6] Since the court does not reach Defendants' arguments with respect to the intentional infliction of emotional distress and assault and battery claims, Defendants' request for judicial notice is denied as moot.

"Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969). "In § 1983 actions, however, the survivors of an individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment claim *on that individual's behalf* if the relevant state's law authorizes a survival action." *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998) (emphasis added). "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." *Id.* Under California law, "a cause of action for . . . a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a).[7] A cause of action belonging to the decedent "passes to the decedent's successor in interest, . . . and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30; *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) ("Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate. Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law. . . ." (internal citations omitted) (citing Cal. Civ. Proc. Code §§ 377.30, 377.32)). California Code of Civil Procedure section 377.11 states that the term "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11.

Here, Plaintiff alleges that she is the "surviving mother of Decedent, who died unmarried

---

[7] A survival action is distinct from a wrongful death action. "[U]nlike a wrongful death claim, the survival statutes do not *create* a cause of action but merely prevent the abatement of the decedent's cause of action and provide for its enforcement by the decedent's personal representative or successor in interest." *San Diego Gas & Elec. Co. v. Superior Court*, 146 Cal. App. 4th 1545, 1553 (2007) (citing Cal. Civ. Proc. Code §§ 377.20, 377.30). A wrongful death action is a separate claim brought by a decedent's heirs for damages they personally suffered as a result of the decedent's death. Cal. Civ. Proc. Code § 377.60.

1    and without any surviving children," and that she is the "co-successor-in-interest of Decedent's
2    estate." (Compl. ¶¶ 3, 24.) Defendants do not explain why Plaintiff's allegations are insufficient,
3    simply citing *Arres v. City of Fresno*, No. CV F 10-1628 LJO SMS, 2011 WL 284971 (E.D. Cal.
4    Jan. 26, 2011). *Arres* is distinguishable. In *Arres*, an action arising out of a fatal police shooting,
5    the two plaintiffs were the decedent's surviving mother and alleged personal representative of his
6    estate along with the guardian ad litem of his two minor children. *Id*. at *1. The defendants
7    challenged the mother's ability to pursue an excessive force claim on behalf of the decedent's
8    estate because the complaint did not indicate whether she was the executrix or administrator of the
9    decedent's estate, or whether he died intestate. *Id*. at *7. The court held that the record was
10   unclear as to the mother's status to pursue the survival claim, noting that if the decedent died
11   intestate, the minor children appeared "as heirs superior to [the mother]" pursuant to the California
12   Probate Code. *Id*. at *7-8 (citing Cal. Probate Code § 6402(b)). The court granted the plaintiffs
13   leave to allege facts about which plaintiff was entitled to pursue a survival action for the decedent.
14   *Id.* at *8. Here, in contrast to *Arres*, Plaintiff alleges that the decedent died unmarried and without
15   any surviving children, and that she and Calhoun are co-successors in interest. (Compl. ¶¶ 3, 4,
16   24.) There is nothing to indicate that any other individual has a superior interest in the decedent's
17   estate.
18          At the hearing, Defendants argued that the first, second, and third claims are not clearly
19   pleaded as survival claims, brought by Plaintiff on behalf of the decedent. Plaintiff agreed to
20   amend these claims to clearly plead them as survival claims. Defendants also argue that Plaintiff's
21   first, second, and third claims are duplicative of the sixth cause of action, titled "Survival action:
22   Violation of Decedent's civil rights" pursuant to § 1983. Plaintiff conceded that the sixth cause of
23   action is duplicative and unnecessary. Therefore, the sixth cause of action is dismissed.
24          Finally, California Code of Civil Procedure section 377.32 requires a person "who seeks to
25   commence an action or proceeding or to continue a pending action or proceeding as the decedent's
26   successor in interest . . . shall execute and file an affidavit or declaration under penalty of perjury"
27   providing information about the decedent, the decedent's estate, and the person's status as the
28   decedent's successor in interest. The parties did not brief the issue of whether Plaintiff must

comply with this California procedural rule. However, in an abundance of caution, the court orders Plaintiff to file a declaration in compliance with section 377.32 by no later than August 27, 2015. *See, e.g., Frary v. Cnty. of Marin*, ---F. Supp. 3d---, 2015 WL 858776, at *22 (N.D. Cal. Feb. 25, 2015).

### b.     Fourth and Fifth Causes of Action

Plaintiff's fourth claim is a § 1983 claim titled "wrongful death," based upon the Fourth and Fourteenth Amendments, and her fifth claim is a § 1983 claim for violation of Plaintiff's right to a familial relationship based upon the First, Fourth, and Fourteenth Amendments. Defendants move to dismiss these claims only to the extent that they are based on the Fourteenth Amendment, arguing that Plaintiff has failed to adequately plead facts supporting a Fourteenth Amendment violation.

Family members may assert a "Fourteenth Amendment claim based on the related deprivation of their liberty interest arising out of their relationship with" a decedent, separate from a survival action for Fourth Amendment violations. *Moreland*, 159 F.3d at 371; *see also Byrd v. Guess*, 137 F.3d 1126, 1133 (9th Cir. 1998), *abrogated by statute on other grounds* ("The underlying constitutional rights at issue . . . are the Fourteenth Amendment liberty interests of a mother and wife in the society and companionship of the deceased."). "This substantive due process claim may be asserted by both the parents and children of a person killed by law enforcement officers." *Moreland*, 159 F.3d at 371. The parties dispute the standard that governs Plaintiff's Fourteenth Amendment claims. According to Defendants, Plaintiff must allege that Defendant Thoms acted with deliberate indifference to her rights of familial relationship and society by violating the decedent's Fourth Amendment rights. *Byrd*, 137 F.3d at 1133 (holding that Fourteenth Amendment claims are not governed by Fourth Amendment "objective reasonableness" standard). Defendants contend that "there is no allegation in the fourth or fifth causes of action that Deputy Thoms acted with deliberate indifference" and thus Plaintiff has failed to properly plead these claims.

In response, Plaintiff argues that the Ninth Circuit has interpreted the "deliberate indifference" test from *Byrd* as synonymous with "reckless disregard." *See Perez v. City of Los*

8

*Angeles*, 98 Fed. Appx. 703, 706 (9th Cir. 2004). In *Perez*, an unpublished Ninth Circuit decision, the plaintiffs were a mother and her daughter. The mother claimed she had been arrested without probable cause and her daughter brought a claim for, *inter alia*, violation of her substantive due process right to familial association during the period of her mother's imprisonment. *Id*. The Ninth Circuit affirmed dismissal of the daughter's substantive due process claim against one of the individual defendants, stating the defendant "could be held liable on that claim only if she acted with at least a reckless disregard for [the daughter's] right of familial association." *Id*. (citing *Byrd*, 137 F.3d at 1134). It found that "although [the daughter's] complaint includes the conclusory phrase 'reckless disregard,' it does not include factual allegations that could support a reasonable inference of the necessary mental state."[8] *Id*. Therefore, under Ninth Circuit law, a right to familial association claim under the Fourteenth Amendment requires a showing of either deliberate indifference *or* reckless disregard. *See id*. at 707 (affirming summary judgment on substantive due process claim against police officers and city defendants "because [plaintiff daughter] did not present any evidence that the City Defendants acted with deliberate indifference or reckless disregard for her rights."); *see also Walker v. Fresno Police Dep't*, No. 1:09-CV-1037 OWW GSA, 2010 WL 582084, at *5 n.1 (E.D. Cal. Feb. 11, 2010) (noting that "a 'reckless disregard' standard is not directly supported by the text of [*Byrd*] . . . [h]owever, the Ninth Circuit has subsequently interpreted the 'deliberate indifference' test articulated in Byrd as synonymous with 'reckless disregard.'" (internal citations omitted) (citing *Perez*, 98 Fed. Appx. at 706)).

At the hearing, Plaintiff conceded that she has not specifically pleaded that Defendant Thoms acted with deliberate indifference or reckless disregard and requested leave to amend the fourth and fifth claims to plead the requisite mental state. Therefore, Plaintiff's fourth and fifth claims for violation of her Fourteenth Amendment right to a familial relationship are dismissed with leave to amend.

**4.   Bane Act, California Civil Code section 52.1**

---

[8] The court also affirmed summary judgment in the individual defendant's favor on the grounds that the mother had failed to create a genuine factual dispute regarding probable cause for her arrest. *Id*. at 705.

Plaintiff's eighth cause of action is for violation of California's Bane Act, Civil Code section 52.1. The Bane Act gives rise to a claim where "a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code § 52.1(a). Defendants argue that a section 52.1 claim requires proof of threats, intimidation, or coercion beyond that inherent in Defendant Thoms's alleged use of excessive force towards the decedent, citing *Shoyoye v. County of Los Angeles,* 203 Cal. App. 4th 947 (2012). Plaintiff responds that a section 52.1 claim does not require a separate showing of coercion here, where Defendant Thoms acted "purposefully" or intentionally in shooting the decedent.

To prevail on a Bane Act claim, a plaintiff must demonstrate, *inter alia,* "intimidation, threats or coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998). In *Shoyoye*, the court examined the issue of whether a section 52.1 claim lies where a defendant merely acts negligently, with no intent. In that case, the plaintiff alleged that he had been wrongly detained in county jail for sixteen days due to an admitted clerical error. 203 Cal. App. 4th at 951. He argued that the "intimidation and coercion inherent in being incarcerated is sufficient to show that [a] defendant interfered by threats, intimidation, or coercion with his right to be free from an unreasonable seizure. *Id.* at 958. The court analyzed the issue of first impression as two related questions: "[(1) [w]hat type of interference is contemplated by the statute–intentional and callous interference only or also incidental interference brought about by negligent conduct? [and] [(2)] . . . where coercion is inherent in the constitutional violation alleged, as it is in an unreasonably prolonged detention, is the statutory requirement satisfied or does the statute require a showing of coercion independent from the coercion inherent in the wrongful detention itself?" *Id.*

The court held that, as to the first question, "[t]he act of interference with a constitutional right must itself be deliberate or spiteful." *Id.* at 959. As to the second question, *Shoyoye* held that section 52.1 "requires a showing of coercion *independent from* the coercion inherent in the wrongful detention itself." *Id.* (emphasis added). Because the defendant had not acted

10

deliberately in holding the plaintiff longer than was warranted and there was no coercion independent from the coercion inherent in the plaintiff's wrongful detention, the court concluded that the plaintiff had failed to prove his section 52.1 claim. *Id.* at 961–62.

This court has previously agreed with the weight of authority in this District that *Shoyoye* is limited "to its first holding, that section 52.1 requires intentional interference with a constitutional right, and not merely negligent acts"; i.e., to circumstances involving negligent conduct. *Hampton v. City of Oakland*, No. C-13-03094 DMR, 2014 WL 5600879, at *18 (N.D. Cal. Nov. 3, 2014) (quoting *D.V. v. City of Sunnyvale*, 65 F. Supp. 3d 782, 788 (N.D. Cal. 2014) (collecting cases)). Although courts have not been unanimous,[9] this court concludes that a section 52.1 claim "does not require threats, coercion, or intimidation independent from the threats, coercion, or intimidation inherent in the alleged constitutional or statutory violation." *See D.V.*, 65 F. Supp. 3d at 798. Here, Plaintiff alleges that Defendant Thoms violated the decedent's constitutional rights when he shot and killed the decedent. This allegation of intentional conduct is sufficient for purposes of Plaintiff's section 52.1 claim.

Defendants also argue that Plaintiff's Bane Act claim should be dismissed because a Bane Act claim is personal to the victim and does not provide derivative liability for relatives of a victim, citing *Bay Area Rapid Transit District v. Superior Court*, 38 Cal. App. 4th 141, 145 (1995) ("*BART*"). Defendants' position is based upon a misreading of Plaintiff's complaint. In *BART*, the court dismissed a Bane Act claim brought by the parents of a victim of a shooting by a BART police officer based on the officer's alleged interference with the parents' "constitutional right to parent," holding that the statute does not provide for "derivative liability for persons not present and not witnessing the actionable conduct." *Id.* (the Bane Act "is limited to plaintiffs who themselves have been the subject of violence or threats"). The court held that "[t]he Bane Act is simply not a wrongful death provision. It clearly provides for a *personal* cause of action for the victim of a hate crime." *Id.* at 144. Importantly, the court did not analyze whether Bane Act

---

[9] *See, e.g., Valdez v. City of San Jose*, No. 4:09-cv-0176 KAW, 2013 WL 6108052, at *12 (N.D. Cal. Nov. 18, 2013); *Dorger v. City of Napa*, No. 12-cv-00440 WHO, 2013 WL 5804544, at *10 (N.D. Cal. Oct. 24, 2013).

11

1   claims of a decedent survive the death of the decedent pursuant to California Code of Civil
2   Procedure section 377.20.  Here, unlike the *BART* plaintiffs, Plaintiff alleges that Defendants'
3   actions constituted interference with the *decedent's* constitutional rights, not her own.  (Compl. ¶
4   47.)  The decedent's Bane Act claim survived his death pursuant to California Code of Civil
5   Procedure section 377.20 and passed to his successor in interest pursuant to California Code of
6   Civil Procedure section 377.30.  *See Dela Torre v. City of Salinas*, No. C-09-00626 RMW, 2010
7   WL 3743762, at *7 (N.D. Cal. Sept. 17, 2010) (holding that successor in interest may bring
8   survival claim for violation of § 52.1 pursuant to Cal. Civ. Proc. Code § 377.20).  Accordingly,
9   Defendants' motion to dismiss Plaintiff's section 52.1 claim is denied.

**B.   Motion for More Definite Statement**

Lastly, Defendants move for a more definite statement regarding Plaintiff's request for punitive damages as to Defendant Thoms, arguing that the complaint does not specify the cause of action for which punitive damages are sought.  Plaintiff does not address this argument in her opposition.  Therefore, Defendants' motion for a more definite statement as to the request for punitive damages is granted.  Plaintiff's amended complaint shall specify the cause(s) of action for which she seeks an award of punitive damages.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part.  Plaintiff's negligence claim against Alameda is dismissed with prejudice.  Plaintiff's Ralph Act, intentional infliction of emotional distress, and assault and battery claims are dismissed with prejudice.  Defendants' motion for a more definite statement is granted.  Plaintiff shall file an amended complaint in conformance with this order by no later than September 4, 2015.

**IT IS SO ORDERED.**

Dated: August 25, 2015



Donna M. Ryu
United States Magistrate Judge

12