JOHN L. BURRIS, Esq., (SBN 69888)
DeWITT M. LACY, Esq., (SBN 258789)
THE LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HIVES, individually and as co-successor in interest to Decedent Jacorey Calhoun,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF ALAMEDA, municipal corporation; DEREK THOMS, individually and in his official capacity as deputy for the COUNTY OF ALAMEDA et al.,<br><br>    Defendants. | CASE NO.: 15-cv-02490-DMR<br><br>**PLAINTIFFS' NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS RE: EDUCATION RECORDS**<br><br>Date:       August 11, 2016<br>Time:       11:00 a.m.<br>Courtroom: 4 - 3rd Floor<br>Judge:      Hon. Donna M. Ryu |
| M.C., by and through his guardian ad item ARION GUILLORY,<br><br>    Plaintiff,<br><br>    vs.<br><br>COUNTY OF ALAMEDA, municipal corporation; DEREK THOMS, individually and in his official capacity as deputy for the COUNTY OF ALAMEDA et al.,<br><br>    Defendants. | |

MOTION TO QUASH DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS       1

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 11, 2016, or soon thereafter as the matter may be heard, Plaintiffs by and through their attorneys, will move this Court, to quash Defendant's Subpoena for Production of Documents. The subpoena seeks information which is unduly burdensome, violates the Decedent's right to privacy, and the subpoena is overbroad.

This motion is based on the Memorandum of Points and Authorities that follows, the Declaration of DeWitt M. Lacy filed in support of this Motion, all documents and records filed in the case, and on such further written and/or oral argument and evidence as may be submitted.

Dated: June 28, 2016                                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ DeWitt M. Lacy*
　　　　　　　　　　　　　　　　　　　　　　　　　DeWitt M. Lacy
　　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiffs filed this § 1983 action against the County of Alameda and Deputy Derek Thoms ("Defendants") on June 4, 2015. This action concerns the events that occurred on August 3, 2015, during which Jacorey Calhoun ("Decedent") was fatally and unlawfully shot by Deputy Derek Thoms. On May 16, 2016, Plaintiffs' counsel received a copy of Defendants' Subpoena to Produce Documents. The Subpoena commands the Vallejo City Unified School District, Oakland Unified School District, and the Hayward Unified School District to produce educational records regarding the Decedent. This motion is made pursuant to Federal Rule of Civil Procedure 45(b)(3)(ii) on the grounds that (1) the requested records have no legal or factual relevance to the subject matter of the case and will not lead to discovery of admissible evidence; (2) the subpoena attempts to obtain records that invade Plaintiffs' right to privacy by seeking to obtain personal and private records, which are protected by 20 U.S.C. § 1232, more commonly known as the Family Educational Rights and Privacy Act of 1974 ("FERPA"); and (3) the subpoena is overly broad.

## II. STATEMENT OF FACTS

Plaintiffs brought this § 1983 action alleging that Defendants used excessive force against Decedent who was unarmed and that Defendants failed to provide a K-9 announcement. Defendants' excessive use of force was the proximate and actual cause of Decedent's death.

On May 16, 2016, Plaintiffs' counsel received a copy of Defendants' subpoenas to the Vallejo City Unified School District, Oakland Unified School District, and the Hayward Unified School District demanding extensive educational records pertaining to the Decedent. The subpoenas were dated May 11, 2016, and they specifically demand:

> Any and all documents and records, and all writings, including, but not limited to, scholastic records, absence records, incident reports, teacher comments, report cards, transcripts, admission records, applications, all office and disciplinary records, pertaining to Jacori Calhoun aka Jacorey Calhoun.
>
> (Declaration of DeWitt M. Lacy, hereinafter "Lacy Declaration," Exhibit 1, Defendants' Subpoenas to the Vallejo City Unified School District, Oakland Unified School District, and Hayward Unified School District).

In response, Plaintiffs sent the Vallejo City Unified District, the Oakland Unified School District and the Hayward Unified School District objections to the subpoenas on May 20, 2016. (Lacy Declaration, Exhibit 2, Objections to Subpoenas dated May 20, 2016). Plaintiffs also provided a copy of said objections to Defendants. (Lacy Declaration, Exhibit 3, May 20, 2016 letter from DeWitt Lacy to Tim Murphy enclosing Objections). On June 3, 2016, Plaintiff's counsel received a letter from Mr. Murphy, which outlined Defendants arguments against Plaintiff's objections to the subpoena. (Lacy Declaration, Exhibit 4, May 26, 2016 Letter from Tim Murphy to DeWitt Lacy). In that letter, Mr. Murphy stated that the Decedent's education records will reveal information that will be relevant to a calculation of the Decedent's earning potential. (Lacy Declaration, Exhibit 4, May 26, 2016 Letter from Tim Murphy to DeWitt Lacy). On June 3, 2016, Plaintiffs responded to Defendants' arguments for why the subpoena should not be quashed and relayed its intent to file this Motion to Quash. (Lacy Declaration, Exhibit 5, E-mail correspondence between DeWitt Lacy and Tim Murphy from June 3, 2016).

### III.   ARGUMENT

**A.   Defendants Seek Information That Is Irrelevant To The Instant Action And Will Not Lead To The Discovery Of Admissible Evidence.**

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The purpose of a subpoena duces tecum is to compel a non-party to produce documents or things relevant to the facts at issue in a pending proceeding. *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 520. Rule 45 of the Federal Rules of Civil Procedure governs subpoenas and it provides that a subpoena must be quashed or modified if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(iv). This Court has found that "if the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [non-party] would be by definition 'undue'." *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335. Thus, in determining whether to grant or deny a motion to quash, a court should consider whether the

1  requested information is clearly irrelevant. *Miller v. Schmitz*, No. 1:12-CV-00137-LJO, 2014 WL
2  1154108, at *2 (E.D. Cal. Mar. 21, 2014).
3       Here, Defendants seek any and all documents and records pertaining to the Plaintiff from
4  the Vallejo City, Oakland, and Hayward Unified School Districts. The Decedent's educational
5  information is not relevant to the use of force claim raised in this lawsuit. Plaintiffs have put
6  nothing at issue that relies on the Decedent's education and/or his conduct at these educational
7  institutions. As well, Decedent was 23 at the time of his death and many years removed from the
8  time during which he was a student at any schools in the Vallejo, Hayward, and Oakland Unified
9  School Districts. Any information sought from these educational institutions has no relevance in
10 determining whether the County of Alameda's use of force was reasonable or not.
11      It is difficult to find a reasonable nexus between the educational records that Defendants
12 seek and the use of force at issue here. However, Defendants argue that Decedent's education
13 records from elementary, middle, and high school are relevant because it will provide
14 information relevant to calculating the Decedent's earning potential. Defendants specifically
15 refer to absence records, incident reports, teacher comments, admission records, and disciplinary
16 records as documents that they seek. As noted above, Decedent was 23 at the time of his death.
17 The education records that Defendants seek are from Decedent's elementary, middle, and high
18 school years. It is presumptive and tenuous to assume that a child's conduct during his or her
19 primary, middle, and secondary education is an accurate prediction of that child's future success
20 and earning potential. If Defendants truly seek information to assist in their calculation of
21 Decedent's earning potential, they should look to Decedent's employment history rather than his
22 conduct while he was attending these educational institutions. As such, the records requested are
23 irrelevant and not calculated to lead to any discoverable evidence.
24 **B.    Defendants Seek Information That Is Protected By FERPA.**
25      The legislative intent behind FERPA is "to assure parents of students, and students
26 themselves . . . access to their education records and to protect such individuals' rights to privacy
27 by limiting the transferability (and disclosure) of their records without their consent." *Rios v.*
28 *Read,* 73 F.R.D. 589, 597 (E.D.N.Y. 1977) *citing* 120 Cong. Rec. S21487 (daily ed. Dec 13,

1974) (joint remarks of Sen. Buckley and Sen. Pell)). Education records are defined as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution. 20 US.C. § 1232g(a)(4)(A)(i)-(ii). However, 20 U.S.C. § 1232g(b)(2)(B) provides that educational institutions may disclose such information in compliance with a judicial order or pursuant to any lawfully issued subpoena if the parents and students are notified of such subpoenas before the institution discloses such records. This judicial order exception requires that "the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students." *Alig-Mielcarek v. Jackson*, 286 F.R.D. 621, 525 (N.D. Ga. 2012).

Here, the documents Defendants seek are undoubtedly education records. Defendants seek any and all documents pertaining to the Decedent. The subpoena specifically requests documents, such as admissions records, report cards, and teacher comments that pertain to the Decedent and would therefore be considered education records which are protected under FERPA. Additionally, Defendants have not demonstrated a genuine need for disclosure of the Decedent's education records from three different school districts that outweigh the Decedent's privacy interest in the records. Defendants merely assume that information contained in the requested records could be a factor in calculating Decedent's earning potential. As noted above, that reasoning is mere speculation. Disciplinary records or teacher notes regarding the Decedent at a young age will be more prejudicial to Decedent than it would be helpful in calculating his earning potential.

While FERPA does not absolutely insulate educational institutions from disclosure education records, it does require this demonstration of genuine need and Defendants here have failed to meet such requirement. Accordingly, the subpoena should be quashed as it invades upon the privacy interests of the Decedent in violation of FERPA and Defendants have not met the requirements to except itself under the subpoena exception.

**C.   Defendants' Subpoena Is Overbroad.**

Defendants here require any and all documents pertaining to the Decedent. The Defendants provide no time period for which they are seeking such documents. The subpoena would appear to encompass all documents, including written notes, unqualified by date, time or specific schools within each Unified School District. Complying with such a request would require the three school districts to undertake an investigation to determine if, when, and where the Decedent may have attended school and subsequently find an unidentified amount of documents.

Additionally, the education records that the Defendants seek have no relevance to the use of force action which is the subject of this lawsuit. Defendants request absence records, incident reports, admission records, applications, and disciplinary records. Even if a child's education is a factor in calculating his or her earning potential, information regarding the child's conduct in school would have no role in that calculation. Given that the Defendants seek documents over an indefinite period of time and vaguely seek any and all documents, this subpoena is not only unduly burdensome and irrelevant but also overbroad.

### IV.   CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully requests the May 11, 2016 subpoenas served by the Defendants upon the Vallejo, Oakland, and Hayward Unified School Districts be quashed in their entirety.

Dated: June 28, 2016                                      Respectfully submitted,

*/s/ DeWitt M. Lacy*
DeWitt M. Lacy
Attorney for Plaintiffs