UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HIVES, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 15-cv-02490-DMR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 63 |

The court has received Plaintiff M.C.'s motion for leave to file a third amended complaint. [Docket No. 63.] The court finds this matter is suitable for resolution without oral argument and VACATES the hearings set for August 11, 2016. Civ. L.R. 7-1(b).

In his proposed third amended complaint ("TAC"), Plaintiff seeks to add a negligence claim against Defendant Derek Thoms based on newly-discovered evidence. He also seeks to add Oakland Police Officers Sergeant John Encinias and Lieutenant Roland Holmgren as defendants based on the same evidence. Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent reason," such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Here, Defendants County of Alameda and Thoms argue that the court should deny Plaintiff leave to amend on the ground that they will be prejudiced since fact discovery is now closed and

United States District Court
Northern District of California

Defendants have filed a motion for summary judgment. The court finds that Plaintiff has shown good cause for the amendment and will adjust the discovery deadlines and trial schedule to obviate the prejudice to Defendants and account for the addition of new claims and new defendants in this action. Accordingly, Plaintiff's motion is granted. Plaintiff shall e-file the proposed TAC by August 8, 2016 and shall promptly serve Encinias and Holmgren with the summons and TAC.

The current case management schedule, including the trial date, is VACATED. All parties, including Encinias and Holmgren, shall immediately meet and confer regarding an adjusted case management schedule. The court will permit the parties to re-open discovery solely regarding Plaintiff M.C.'s new claims, as well as the defenses of the newly added Defendants. By no later than September 19, 2016, the parties shall submit a joint proposed case management schedule, including fact and expert discovery deadlines, a deadline for dispositive motions, and trial date.

Defendant County of Alameda and Thoms's motion for summary judgment is denied without prejudice. The court will consider a new or renewed motion for summary judgment in accordance with the parties' proposed trial schedule. The parties' stipulation extending expert discovery deadlines (Docket No. 79) is denied as moot.

**IT IS SO ORDERED.**

Dated: August 4, 2016



Donna M. Ryu
United States Magistrate Judge