UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HIVES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 15-cv-02490-DMR<br><br>**ORDER ON PETITION TO WITHDRAW FUNDS FROM BLOCKED ACCOUNT**<br><br>Re: Dkt. No. 95 |

Arion Guillory, guardian ad litem for minor Plaintiff M.C., filed a petition to withdraw funds from a blocked account that belongs to M.C. [Docket No. 95.] The court ordered Guillory to file a supplemental brief supporting the petition, which Guillory timely filed. [Docket Nos. 100, 101.] No party objected to the petition. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the petition is granted in part and denied in part.

**I.   BACKGROUND**

This case arises from the August 2014 shooting death of Jacorey Calhoun by an Alameda County Sheriff's Deputy, Defendant Derek Thoms. Plaintiff Patricia Hives, Calhoun's mother, filed a lawsuit alleging claims related to the shooting in June 2015. She later filed a second amended complaint that added M.C., Calhoun's minor child, as a plaintiff. [*See* Docket No. 37.] The court appointed Guillory, who is M.C.'s mother, as his guardian ad litem. [Docket No. 42.]

In November 2016, the court approved a minor's compromise on behalf of M.C. [Docket No. 91 (Order Approving Minor's Compromise).] In relevant part, the minor's compromise established an FDIC-insured, blocked account for M.C. in the amount of $75,728.72 "with distributions made only by Court order." Remaining funds in the account will be distributed to M.C. on his 18th birthday. *Id*. at 2, ¶ 6(d). To date there have been no withdrawals from the

account. The minor's compromise also established a structured annuity policy for M.C. in the amount of $300,000. *Id*. at 3, ¶ 6(e).

Guillory now petitions to withdraw a total of $15,573.00 from the blocked account for various expenses, including furniture, clothing, sports fees, and a down payment for a car. M.C. is currently 12 years old. According to Guillory, the requested funds are connected to M.C.'s current "academic, health, and counseling needs." Petition 3. Attached to the petition are exhibits detailing the cost breakdown for each requested expenditure. However, the petition did not cite any authority for the relief requested or state the applicable legal standard. Accordingly, the court ordered Guillory to file a supplemental brief setting forth the applicable legal standard with citations to authority and explaining how each category of funds requested satisfies the applicable standard. [Docket No. 100.] Guillory timely filed a supplemental brief. [Docket No. 101.]

## II.     DISCUSSION

In this case, the minor's compromise does not specify the circumstances under which Guillory can receive distributions from the blocked account on behalf of M.C. Guillory did not cite, nor was the court able to find Ninth Circuit authority governing petitions to withdraw funds from blocked accounts held for the benefit of minors.[1] However, the Ninth Circuit has instructed that "[d]istrict courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). One court in this district limited withdrawals to funds for a minor's "academic, health, and counseling needs" or for other purposes if the petitioner could demonstrate "a compelling need for the benefit of the minor." *See, e.g., Frary v. County of Marin*, No. 12-cv-03928-MEJ, Docket No. 238 at 2 (N.D. Cal. Aug. 3, 2015). Another court limited withdrawals for expenditures related to the minors' "current counseling or academic needs." *Ronald J. v. County of Alameda*, No. 11-cv-04123-YGR, Docket No. 65 at 3 (N.D. Cal. Feb. 24, 2014). The court will

---

[1] Under the California Rules of Court, a petition to withdraw funds deposited for a minor "must be verified and must include the identity of the depository, a showing of the amounts previously withdrawn, a statement of the balance on deposit at the time of the filing of the petition, and a justification for the withdrawal." Cal. R. Ct. 7.954(a). Guillory's petition satisfies these requirements. *See* Petition ¶¶ 5-6, 10.

2

assess the proposed expenditures to determine whether they are for M.C.'s academic, health, or counseling needs or another compelling need.

Having evaluated the proposed expenditures under this standard, the petition is granted in part and denied in part. The following table itemizes Guillory's requests for expenditures and sets forth the amount of each proposed expenditure; Guillory's stated connection to a current academic, health, counseling, or other compelling need for each proposed expenditure (quoted from Guillory's petition); and whether the court approves the expenditure. The court's reasoning is discussed below the table.

| Request | Total Amount Requested | Connection to Current Academic, Health, Counseling, or Compelling Need | Approved? |
|---|---|---|---|
| Bedroom set- queen sized bed ($2,695), side table ($250), and dresser ($595) | $3,540 | "M.C. requires a new bedroom set to ensure that he gets proper rest to allow him to continue to excel in school and athletics. M.C.'s current bedroom set no longer fits him as the child is growing quickly." | In part |
| Mattress and adjustable base for mattress | $1,498 | "M.C. requires a new bedroom set to ensure that he gets proper rest to allow him to continue to excel in school and athletics. M.C.'s current bedroom set no longer fits him as the child is growing quickly." | Yes |
| New clothes | $2,500 | "M.C. is currently 12 years old and growing very quickly so requires new clothes this year." | No |
| School uniforms | $335 | "The school that M.C. attends requires a specific uniform each year. Without the uniform, M.C. will not be permitted to attend their current school." | Yes |
| Basketball team costs | $400 initial membership fee, $360 annual membership fee, $130 monthly dues, $260 gear (total $1,150) | "M.C. is a talented athlete who competes in AAU basketball during the school year. Allowing M.C. to continue to compete would put them in a position to compete for an athletics scholarship." | Yes |
| Basketball shoes | $350 | "In order to continue to compete in basketball, M.C. needs basketball shoes. | Yes |

3

| | | Allowing M.C. to continue to compete would put them in a position to compete for an athletics scholarship." | |
|---|---|---|---|
| Basketball camp | $200 | "M.C. attends basketball camp in the summer to further his athletic pursuits. Allowing M.C. to continue to train/compete would put them in a position to compete for an athletics scholarship." | Yes |
| Down payment for a car | $6,000 | "Declarant is a single parent without a car, which forces M.C. to either take the bus or walk to school and after school activities, such as basketball. A car would allow M.C. to attend school and basketball events more easily, minimize tardiness, and increase their general safety as Declarant would be able to drive M.C. to school and athletic events rather than relying on public transportation or the kindness of others. This would also allow Declarant to take M.C. to the doctor more easily. The funds would be used to make the down payment on the car." | Yes |

The court has carefully considered Guillory's petition, her supplemental brief, and the authority Guillory cites to support the individual requests. The court recognizes Guillory's role as M.C.'s mother, her rights and responsibility to make decisions on his behalf, and the challenges single parents face. Nonetheless, the court has a special duty to safeguard M.C.'s interests, which extends to the funds in the blocked account. *See Robidoux*, 638 F.3d at 1181. These funds are for M.C.'s use and benefit. They "are not available for payment of services ordinarily provided by parents," *see Frary*, No. 12-cv-03928-MEJ, Docket No. 238 at 2 (quotation omitted), and "cannot be used to support the family." *S.V. v. Delano Union Elementary Sch. Dist.*, No. 1:17-cv-780-LJO JLT, Docket No. 72 at 2 (E.D. Cal. Oct. 9, 2019). "To find otherwise would be to disregard the very reason why the funds were placed in a blocked account in the first place." *Id*.

Having weighed these concerns, the court concludes that expenditures for M.C.'s school uniforms clearly relate to his current academic needs. Similarly, even though it is a sizeable expenditure, funds for a down payment for a car can significantly facilitate M.C.'s current academic and health needs so Guillory can transport him to school and doctor's appointments.

4

*See Ronald J.*, No. 11-cv-04123-YGR, Docket No. 65 at 3 (approving request for $2,200 for a "used vehicle" to transport minor to therapy appointments). These requests are granted.

The request for $2,500 to pay for "new clothes" does not relate to M.C.'s current academic, health, or counseling needs in light of the fact that M.C. apparently wears uniforms to school. The cost of new clothing is also the kind of expense that parents are ordinarily expected to bear. This request is therefore denied.

As to the request for nearly $5,000 to pay for a new bedroom set of furniture, a mattress, and an adjustable base, there is an obvious connection between M.C.'s current health needs and a properly-sized bed, mattress, and base. These items will support M.C.'s health as he grows into adulthood. Moreover, they constitute a long-term investment for his use and will last him until adulthood. However, Guillory does not explain the connection between M.C.'s health or other needs and bedroom furniture such as a nightstand and dresser. The authority she cites in support of this request, *N.M. v. County of Sacramento*, No. 18-cv-01830-WBS-KJN, Docket No. 39 (E.D. Cal. Sept. 28, 2022), is distinguishable. *See* Supp. Br. 3-4. In *N.M.*, the court approved the withdrawal of $4,000 from a blocked account to pay for the deposit on a rental home for the minor's family that would permit the minor to have his own bedroom and/or treatment room. The minor had "a severe developmental disability" and received "a variety of supportive services" and his doctor recommended that he have his own room "to reduce the distractions and improve his functioning." Docket No. 39 at 2. Here, Guillory did not submit any medical or other documentation in support of the request for bedroom furniture in general, which is the kind of expense parents ordinarily provide. Accordingly, the court grants the request in part in the amount of $4,194.98, which is the cost of the new bed, mattress, and adjustable base. The remainder of the request is denied.

Finally, Guillory requests funds for one-time, annual, and monthly basketball team fees, basketball shoes, and basketball camp. Guillory argues that M.C. "is a talented basketball player" who hopes to eventually receive "athletic scholarships that will assist him in financing his academic pursuits." Supp. Br. 4. Regardless of whether M.C. is likely to someday obtain an athletic scholarship, the court understands that M.C.'s involvement in athletics can meaningfully

5

contribute to his academic, physical and mental health needs overall.  The expenses Guillory seeks in this category are not exorbitant.  Accordingly, the court grants the request for basketball-related expenses.

### III.   CONCLUSION

For the foregoing reasons, Guillory's petition to withdraw funds from a blocked account is granted in part and denied in part.  The court hereby orders Wells Fargo Bank to issue a cashier's check in the amount of $12,228 from Wells Fargo Account No. ending in 8927, payable to Arion Guillory for the benefit of Minor Plaintiff M.C.  Within 60 days of the date of this Order, Guillory shall file documentation for the items and services purchased with the authorized funds.

**IT IS SO ORDERED.**

Dated: July 17, 2023



Donna M. Ryu
Chief Magistrate Judge

6